JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-00930-JHN-JEMx | Date | April 29, 2010 |
|---|---|---|---|
| Title | Tamara C. Mendez v. Ocwen Loan Servicing, LLC et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:** ORDER REMANDING CASE TO VENTURA SUPERIOR COURT (In Chambers)

On February 8, 2010, this action was removed to this Court pursuant to 28 U.S.C. § 1441 and 1446. Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. *Sullivan v. First Affiliated Sec., Inc.*, 813 F. 2d 1368, 1372 (9th Cir. 1987). A case may arise under federal law "where the vindication of a right under state law necessarily turned on some construction of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9, 103 S. Ct. 2841 (1983).[1]

On April 15, 2010, Plaintiff filed a First Amended Complaint ("FAC"), which has abandoned all federal causes of action. The FAC sets forth the following causes of action: 1) Quiet Title; 2) Violation of Cal. Bus & Prof Code section 17200; 3) Breach of the Implied covenant of Good Faith and Fair Dealing; 4) Violation of California Civil Code section 2923.5; 5) Breach of Fiduciary Duty; 6) Breach of Contract; 7) Accounting. None of these state law claims "necessarily turns" on a federal issue. Because no federal causes of action appear on the face of the FAC, this Court lacks jurisdiction.

**Accordingly, the Court declines to rule on the Motion to Dismiss [14], filed on April 28, 2010 and ORDERS this matter hereby REMANDED to the Ventura Superior Court.**

| | : | N/A |
|---|---|---|
| Initials of Preparer | | AM |

---

[1] The "actual holding in *Franchise Tax Board* demonstrates that this statement must be read with caution; the central issue presented in that case turned on the meaning of the Employee Retirement Income Security Act . . . but [the Supreme Court] nevertheless concluded that federal jurisdiction was lacking." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 809, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986).